Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE FARM GUARANTY INS. CO., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TRI-COUNTY CHIROPRACTIC & REHABILITATION CENTER, P.C., *et al.*, <br><br> Defendants. | Civil Action No. 22-4852 (ES) (CLW) <br><br> ORDER |

**SALAS, DISTRICT JUDGE**

Plaintiffs State Farm Guaranty Insurance Company and State Farm Indemnity Company (together "Plaintiffs" or "State Farm") filed suit against Defendants Tri-County Chiropractic and Rehabilitation Center, P.C. ("Tri-County"), Robert Matturro, D.C. ("Dr. Robert Matturro"), Advanced Spine and Pain Management, L.L.C. ("Advanced Spine"), Varinder Dhillon, M.D. ("Dr. Dhillon"), Nicholas Rosania, D.C. ("Dr. Rosania"), Bloomfield UAI, L.L.C. ("Bloomfield"), Dov Rand, M.D. ("Dr. Rand"), Primary Medical Services, L.L.C. ("Primary Medical"), Louis J. Citarelli, M.D. ("Dr. Citarelli"), Chiro Health Center, P.C. ("Chiro Health"), Marc Matturro, D.C. ("Dr. Marc Matturro"), and Marco Tartaglia, M.D. ("Dr. Tartaglia") (together "Defendants") bringing claims for (i) common law fraud (Count I); (ii) violations of the New Jersey Insurance Fraud Prevention Act ("IFPA"), N.J.S.A. 17:33A-1, *et seq.* (Count II); (iii) aiding and abetting fraud (Count III); (iv) unjust enrichment (Count IV); and (v) a Declaratory Judgment pursuant to 28 U.S.C. §§ 2201–02 (Count V). (D.E. No. 1 ("Complaint" or "Compl.") ¶¶ 288–311). Before the Court is Defendants' motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. No. 9). Having considered the parties' submissions, the

Court decides this matter without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth in an Opinion to follow,

**IT IS** on this 30th day of June 2023, hereby

**ORDERED** that Defendants' motion (D.E. No. 9) is **GRANTED-in-part** and **DENIED-in-part**; and it is further

**ORDERED** that Defendants' motion is **GRANTED** with regards to Counts I, III, and IV. These counts are **DISMISSED** *without prejudice* in favor of arbitration; and it is further

**ORDERED** that Defendants' motion is **GRANTED** with regards to Count V and this count is **DISMISSED** *without prejudice*.  Count V is **DISMISSED** *without prejudice* in favor of arbitration to the extent that Plaintiffs seek a declaration that Defendants committed common law fraud, aided and abetted that fraud, or are liable for unjust enrichment.  Count V is **DISMISSED** *without prejudice* as duplicative of Plaintiffs' IFPA claim to the extent that Plaintiffs seek a declaration that Defendants violated the IFPA; and it is further

**ORDERED** that the motion is otherwise **DENIED**.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**