**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

STATE FARM GUARANTY INSURANCE COMPANY, *et al.*,

*Plaintiffs*,

v.

TRI-COUNTY CHIROPRACTIC AND REHABILITATION CENTER P.C., *et al.*,

*Defendants*.

Civil Action No. 22-4852

**OPINION & ORDER**

September 15, 2026

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon a report and recommendation (ECF 53, "R&R") issued by former Magistrate Judge Cathy L. Waldor regarding Plaintiffs' Motion to Stay and Enjoin All Arbitration Proceedings. (ECF 27, "Motion" or "Mot.") Judge Waldor recommended that Plaintiffs' Motion be denied. (*See generally* R&R.) Plaintiffs timely objected to the R&R. (ECF 54, "Objection" or "Obj.") The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. This Court has carefully reviewed Judge Waldor's R&R, and for the reasons stated therein and set forth below, **ADOPTS** the R&R in full and **DENIES** Plaintiffs' Motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiffs are insurance companies that underwrite automobile insurance in New Jersey. (ECF 29 at 2.) Defendants are medical professionals and healthcare entities that treat, among others, patients suffering from injuries sustained in automobile accidents. (*Id.*) In significant part, Plaintiffs allege that Defendants engaged in a fraudulent scheme to obtain money from them by submitting fraudulent bills for personal injury protection ("PIP") reimbursement and documentation for services that were either never performed or not medically necessary. (*Id.*)

Plaintiffs initiated this action against Defendants on August 1, 2022, bringing claims for common law fraud, violations of the New Jersey Insurance Fraud Prevention Act ("IFPA"), aiding and abetting fraud, unjust enrichment, and a declaratory judgment. (*Id.* at 3; *see* ECF 1, "Complaint" or "Compl.") Defendants filed their first motion to dismiss the Complaint on October 7, 2022. (ECF 9.) Plaintiffs filed the present Motion to Stay and Enjoin All Arbitration Proceedings on May 24, 2023. (Mot.) Judge Salas granted in-part and denied in-part Defendants' motion to dismiss on July 7, 2023. (ECF 29.) Judge Waldor issued an R&R denying Plaintiffs' Motion on November 17, 2023. (R&R.) Plaintiffs filed an objection to Judge Waldor's R&R on November 30, 2023. (Obj.) Defendants filed a second motion to dismiss on August 7, 2024. (ECF 77.) This Court then administratively terminated this case pending the New Jersey Supreme Court's decision in *Allstate New Jersey Insurance Company v. Carteret Comprehensive Medical Care, P.C.*, 264 N.J. 553 (N.J. 2026). (ECF 80.) This Court re-opened the case on August 11, 2026 after the New Jersey Supreme Court issued its decision, and denied Defendants' second motion to

---

[1] The facts are primarily drawn from Judge Waldor's R&R, (*see* R&R), and Judge Salas's July 6, 2023 Opinion granting in-part and denying in-part Defendants' first motion to dismiss Plaintiffs' Complaint. (ECF 29.)

dismiss as moot. (ECF 85.) The parties submitted letters explaining how, if at all, the New Jersey Supreme Court's decision in *Carteret* impacts Plaintiffs' Motion and Judge Waldor's R&R. (*See* ECF 86, "Plaintiffs' Letter" or "Pls. Let."; ECF 87, "Defendants' Letter" or "Defs. Let.") This Opinion addressing Plaintiffs' Motion follows.

## II. LEGAL STANDARDS

### A. District Court's Review of a Magistrate's Report and Recommendation

When a magistrate judge addresses dispositive issues, the magistrate submits a report and recommendation to the district court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1); L. Civ. R. 72.1(a)(2). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); L. Civ. R. 72.1(c)(2). On dispositive issues, the district court must make a *de novo* determination of the portions of the magistrate judge's report and recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

Courts in this Circuit have consistently construed motions to stay as non-dispositive issues. *See, e.g.*, *Cook v. Nordstrom, Inc.*, No. 13-5402, 2013 WL 6633522, at *1 n.1 (Dec. 17, 2023); *Jayeff Constr. Corp. v. Laborers' Int'l Union of N. Am.*, No. 05-5027, 2009 WL 10690521, at *1 (D.N.J. Feb. 10, 2009); *Mylan Pharm. Inc. v. Bayer Intell. Prop. GmbH*, No. 23-556, 2024 WL 359468, at *2, n.10 (D. Del. Jan. 31, 2024); *Applied Biokinetics LLC v. K.T. Health, LLC*, No. 22-638, 2023 WL 6387679, at *2 (D. Del. Sept. 29, 2023). "Where, as here, the magistrate has ruled on a non-dispositive matter … his or her ruling is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) (citing cases). "If a party objects to a magistrate judge's order regarding a nondispositive

matter, the district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)); *see Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 819 (3d Cir. 2006) (abuse of discretion may encompass "a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact"); *Rios v. City of Bayonne*, No. 12-4716, 2015 WL 1607565, at *5 (D.N.J. Apr. 8, 2015) ("[A]s to a 'discretionary matter … courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard.'"). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Equal Emp. Opportunity Comm'n*, 866 F.3d at 99 (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).

**B. Motion to Stay and Enjoin Arbitration Proceedings**

The standard for evaluating a motion to stay "is essentially the same as that for obtaining a preliminary injunction," so "the Court considers the preliminary injunction factors in determining whether to grant the Stay Motion." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health and Human Servs.*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. 2013); *Novartis AG v. Novadoz Pharm. LLC*, No. 25-849, 2025 WL 1482417, at *2 (D.N.J. May 22, 2025). As such, "the party seeking a stay must demonstrate that 1) they are likely to succeed on the merits of the appeal, 2) they will suffer irreparable harm if the stay is not granted, 3) a stay will not substantially harm other parties, and 4) a stay is in the public interest." *N.L.R.B. v. 710 Long Ridge Road Operating Co. II, LLC*, No. 14-832, 2014 WL 906128, at *1 (D.N.J. Mar. 6, 2014); *see Novartis AG*, 2025 WL 1482417, at *2. The same standard applies to motions to enjoin arbitration proceedings. *See O.N. Equity Sales Co. v. Hoegler*, No. 07-2703, 2008 WL 304924, at *5 (D.N.J. Jan. 28, 2008) ("In

an action seeking to enjoin an arbitration proceeding, the traditional criteria for granting injunctive relief apply.").

When applying the injunctive relief standard, "[t]he first two factors are 'gateway factors' and are 'most critical.'" *Tracey v. Recovco Mortgage Mgmt. LLC*, 451 F. Supp. 3d 337, 341 (D.N.J. 2020) (citing *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017)). The Court need not consider the third and fourth factors where plaintiffs do not demonstrate either of the first two factors. *See id.*; *Oxford House, Inc. v. Twp. of N. Bergen,* No. 21-19260, 2022 WL 2341630, at *2 (D.N.J. June 29, 2022); *McGillvary v. Long*, No. 24-9507, 2025 WL 490542, at *4 (D.N.J. Feb. 13, 2025); *Brown v. Stump*, No. 22-5861, 2024 WL 965164, at *2 n.5 (D.N.J. Mar. 6, 2024).

## III. ANALYSIS

In their Objection, Plaintiffs argue that Judge Waldor should have applied the standard laid out in *Allstate Ins. Co. v. Lopez*, 710 A.2d 1072 (N.J. Super. Ct. Law. Div. 1998) when evaluating their Motion. Plaintiffs also argue that Judge Waldor wrongfully concluded they seek mandatory injunctive relief and an injunction "at the conclusion of the case," and erred in finding that they failed to establish irreparable harm. (*See* Obj. at 4-8.) The Court concludes Judge Waldor did not abuse her discretion in reaching these conclusions and adopts her R&R in full.

### A. Judge Waldor Applied the Appropriate Injunctive Relief Standard

First, Judge Waldor applied the correct standard when evaluating Plaintiffs' Motion. As discussed, Courts in this District and Circuit apply the injunctive relief standard when evaluating motions to stay and enjoin arbitration proceedings. *See Conestoga Wood Specialties Corp.*, 2013 WL 1277419, at *1; *Novartis AG*, 2025 WL 1482417, at *2; *O.N. Equity Sales Co.*, 2008 WL 304924, at *5. Judge Waldor properly applied this standard. (*See* R&R at 2-3.) Judge Waldor

also appropriately concluded that Plaintiffs request mandatory injunctive relief at least to the extent they seek to stay pending arbitration proceedings. A mandatory injunction alters the status quo by commanding a positive act. *See Benington Foods LLC v. St. Croix Renaissance, Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008) (citing *Tom Doherty Assoc., Inc. v. Saban Ent., Inc.,* 60 F.3d 27, 33-34 (2d Cir. 1995)). This Court has concluded that a plaintiff's request to enjoin arbitration proceedings seeks "to order an affirmative act rather than a stay to maintain the status quo," and is thus a request for a mandatory injunction. *See Beacon Sales Acquisition, Inc. v. Bd. of Tr. of Teamsters Indus. Emp. Pension Fund, et al.*, 425 F. Supp. 3d 377, 385 (D.N.J. 2019). And "where the relief ordered by the preliminary injunction is mandatory … the party seeking the injunction must meet a higher standard of showing irreparable harm in the absence of an injunction." *Bennington Foods LLC*, 528 F.3d at 179.

**B. Plaintiffs Established a Likelihood of Success on the Merits**

Second, Judge Waldor appropriately concluded that Plaintiffs adequately established a likelihood of success on the merits of their claims. (*See* R&R at 4.) As Judge Salas noted in her Opinion resolving Defendants' first motion to dismiss, Plaintiffs established a prima facie case of an IFPA violation. (*See* ECF 29 at 17-29); *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 173 (3d Cir. 2001) ("[O]n an application for preliminary injunction, the plaintiff need only prove a prima facie case, not a certainty that he or she will win."). While Plaintiffs do not contest this conclusion, they note that it does not matter whether the IFPA sets forth equitable remedies for the purposes of their Motion, as they do not seek an injunction "at the conclusion of the case." (Obj. at 5.) The Court accepts this clarification, and notes that it does not impact its analysis of Plaintiffs' entitlement to injunctive relief at this stage of the case.

**C. Plaintiffs Have Not Established Irreparable Harm**

Third, Judge Waldor appropriately concluded that Plaintiffs have not established irreparable harm. "A movant has the burden of establishing a 'clear showing of immediate irreparable injury.'" *Tracey*, 451 F. Supp. 3d at 343 (quoting *Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011)). And this Circuit has consistently held that a plaintiff can only meet this requirement if they demonstrate "a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000); *see also Frank's GMC Truck Center, Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) ("The availability of adequate monetary damages belies a claim of irreparable injury.").

Plaintiffs argue they will be irreparably harmed absent their requested stay because they lack a full and fair opportunity to present the "full contours of Defendants' fraudulent scheme as a defense or counterclaim" in an arbitral forum, may be forced to litigate duplicative fraudulent PIP charges on a piecemeal basis, and would be subject to fraudulently obtained judgments in the arbitral forum. (Mot. at 13-15; R&R at 4.) However, as Judge Waldor notes, Plaintiffs do not establish why an award of monetary damages would be insufficient to address the above-listed potential harms. (*See* R&R at 5); *see Tracey*, 451 F. Supp. 3d at 344 (concluding that a plaintiff failed to demonstrate irreparable harm where they failed to cite to any authority supporting their argument that their alleged losses were not compensable by monetary damages). Plaintiffs cite to a series of non-binding New Jersey cases where state courts concluded that similarly situated plaintiffs would suffer irreparable harm if forced to defend multiple fraudulent claims via PIP arbitration. *See Prudential Prop. and Cas. Ins. Co. of N.J. v. Greenberg*, No. MRS-L-2802-00, 2001 WL 34779009, at *10 (N.J. Super. Ct. Law Div. Mar. 2, 2001); *Allstate Ins. Co. v. Lopez*, 710

A.2d 1072, 1077 (N.J. Super. Ct. Law Div. 1998). However, none of these cases explain why monetary damages would inadequately compensate the relevant plaintiffs for their alleged losses. *See id.*

Importantly, this Court recently denied an analogous motion to stay and/or enjoin arbitration proceedings on the basis that the plaintiffs failed to establish irreparable harm in *Government Employees Insurance Co. v. Adams Chiropractic Cente. P.C.*, No. 19-20633, 2020 WL 2496932, at *2 (D.N.J. June 29, 2020). There, the Court explicitly rejected the plaintiffs' claims that they would be irreparably harmed by the piecemeal prosecution of defendants' PIP collections arbitrations and by their inability to adequately defend themselves and present evidence in individual arbitration proceedings. *See Gov't Emp. Ins. Co.*, 2020 WL 2496932, at *2. The Court rejected the plaintiffs' arguments, reasoning that they could recoup any potential additional economic injury they are exposed to in the parallel arbitrations, and that while they may not be able to "present evidence of an alleged fraudulent scheme involving multiple patients," they could "make the case that the medical treatment given to specific individual patients was unwarranted or improper." *Id.*

Further, in their Objection, Plaintiffs argue that they established irreparable harm because a movant "satisfie[s] the irreparable harm requirement for injunctive relief" when it suffers "at least some harm that cannot be compensated through an award of money damages," *N.J. Staffing All v. Fais*, 749 F. Supp. 3d 511, 521 (D.N.J. 2023), and "there is no practical way for them to recover or claw back" payments made through arbitration awards. (Obj. at 7.) But again, Plaintiffs cite no authority in support of their argument that any payments made through the arbitration system are not compensable by monetary damages. (*See id.*); *Tracey*, 451 F. Supp. 3d at 344.

### D. Plaintiffs Are Not Entitled to Injunctive Relief

Fourth, Judge Waldor properly declined to weigh the third and fourth injunctive relief factors. (*See* R&R at 5). As courts in this District have noted, this Court need not consider the third and fourth factors—whether the balance of equities favors relief or if Plaintiffs' requested relief is in the public interest—where plaintiffs do not demonstrate either of the first two factors. *See 710 Long Ridge Road Operating Co. II, LLC*, 2014 WL 906128, at *1; *Tracey*, 451 F. Supp. 3d at 344, *Oxford House, Inc.*, 2022 WL 2341630, at *2; *McGillvary*, 2025 WL 490542, at *4; *Brown*, 2024 WL 965164, at *2 n.5. And as discussed, Plaintiffs have not demonstrated that they would suffer irreparable harm absent a stay or the enjoining of the arbitration proceedings. As such, Plaintiffs are not entitled to injunctive relief, and their Motion is **DENIED**.

### E. The New Jersey Supreme Court's Decision in *Carteret* Does Not Change the Outcome

In *Carteret*, the New Jersey Supreme Court affirmed a lower court's opinion, and in relevant part, found that claims brought under the IFPA are not subject to mandatory PIP arbitration. *See* 359 A.3d at 433-34; *Allstate N.J. Ins. Co. v. Carteret Comprehensive Med. Care, PC*, 330 A.3d 361, 372 (N.J. Super. Ct. Law Div. 2025), *aff'd*, 359 A.3d 433, 434 (N.J. 2026). Plaintiffs argue that the New Jersey Supreme Court's holding supports their request for a stay because its reasoning emphasizes that their claims against Defendants are "best litigated in court rather than through multiple PIP arbitrations." (Pl. Let. at 2-3.) In relevant part, Defendants argue that *Carteret* does not disturb Juge Waldor's finding with respect to irreparable harm nor does it forbid the arbitration of Plaintiffs' claims. (Defs. Let. at 2-3.)

*Carteret* does not impact Plaintiffs' present Motion. As Defendants note, "*Carteret* did not hold that PIP-related disputes are categorically non-arbitrable." (Defs. Let. at 2.) The case instead disallowed mandatory, compelled PIP arbitration, all the while emphasizing that private parties

can still "negotiate arbitration agreements and waive their right to a jury trial" in the IFPA context. *Carteret Comprehensive Med. Care, PC*, 330 A.3d at 374. Here, neither party seeks to compel arbitration—Plaintiffs seek to stay or enjoin pending arbitrations. (*See* Mot.) Further, the record does not indicate that Plaintiffs are subject to mandatory arbitration of their IFPA claims, and neither party has argued otherwise. (*See id.*; ECF 29 at 17 n.7.) And as Plaintiffs themselves state, *Carteret* does not address whether pending arbitrations, such as the ones at issue here, should be stayed. (*See* Pls. Let. at 2.) Finally, while *Carteret* explains why PIP arbitration may be disfavored in the IFPA context, it does not explain how, or why, monetary damages would be inadequate to compensate Plaintiffs for any harm they may allegedly face as a result of participating in multiple arbitration proceedings. *See Carteret Comprehensive Med. Care, PC*, 330 A.3d at 372-73. Thus, *Carteret* does not, at this stage, impact this Court's analysis above nor compel the Court to reject Judge Waldor's R&R.

## IV. CONCLUSION

For the reasons stated above, **IT IS** on this 15th day of September, 2026;

1. **ORDERED** that this Court **ADOPTS** Judge Waldor's R&R (ECF 53) in full; and it is further

2. **ORDERED** that Plaintiffs' Motion to Stay and Enjoin all Arbitration Proceedings (ECF 27) is **DENIED**.

**SO ORDERED**.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: Cari Fais, U.S.M.J.
Parties